**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO.:**

**AT LAW AND IN ADMIRALTY**

SLOBODAN DESPOT

      Petitioner,

      vs.

CELEBRITY CRUISES, INC.,

      Respondent.

_____/

## PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Petitioner, Slobodan Despot, by and through his undersigned attorneys, hereby petitions this Court for an Order confirming the foreign arbitral award entered in his favor on June 6, 2019, and states as follows:

1.    This is an action to confirm and enforce a foreign arbitral award rendered in proceedings governed by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, opened for signature June 10, 1958, 21 U.S.T. 2517, 2520, T.I.A.S. No. 6997, 330 U.N.T.S. 3, implemented by 9 U.S.C. §§ 202-208 (the "New York Convention").

### THE PARTIES AND JURISDICTION

2.  This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

3.**THE PETITIONER**. The Claimant-Petitioner, Slobodan Despot, is a citizen and resident of Serbia.

4. **THE RESPONDENT**. The Respondent, Celebrity Cruises, Inc., is a corporation incorporated in Liberia, with its principal place of business in Miami-Dade County, Florida. Celebrity is a citizen of the United States for purposes of these proceedings. *See* 9 U.S.C. § 202 ("For purposes of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.").

## JURISDICTION

5. This is an action to confirm and enforce a foreign arbitral award. The arbitration proceedings were seated in Miami, Florida, and administered by the American Arbitration Association, International Centre for Dispute Resolution (the "ICDR").

6. Because the arbitration agreement at issue in this case arose out of a legal relationship "that is considered commercial" and is between a citizen of the United States, Celebrity, and a foreign citizen, Mr. Despot, the arbitration proceedings were governed exclusively by the New York Convention. *See* 9 U.S.C. § 202.

7. This Court has jurisdiction to confirm the award pursuant to 9 U.S.C. § 207, which provides that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration."

8. A federal district court is "a court having jurisdiction under this chapter," for purposes of a petition to confirm a foreign arbitral award. *See Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1279 (11th Cir. 2011) ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the Unites States…shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.") (quoting 9 U.S.C. § 203).

## FACTUAL BACKGROUND

9.    The arbitration proceedings addressed a catastrophic injury suffered by Petitioner on July 29, 2015, while he was employed by Respondent and working aboard Respondent's cruise ship *Eclipse*.

10.    As a result of Respondent's negligence, Petitioner suffered an injury to his spinal cord. This injury progressed over the course of five months into central pain syndrome, a permanent and debilitating condition of chronic, severe pain that is difficult to control or medicate. Central pain syndrome is a "neurological condition caused by damage to or dysfunction of the central nervous syndrome," including as a result of spinal cord trauma. (*See* Nat'l Institutes of Health, National Institute of Neurological Disorders and Stroke, Central Pain Syndrome Information Page, *available at* https://www.ninds.nih.gov/Disorders/All-Disorders/Central-Pain-Syndrome-Information-Page) (last visited July 9, 2019). It causes pain that is "typically constant, may be moderate to severe in intensity, and is often made worse by touch, movement, emotions, and temperature changes." *Id.*

11.    Pursuant to the terms of Petitioner's Employment Agreement, any disputes arising in the course of his employment must be resolved in "mandatory binding arbitration pursuant to the United Nations Conventions on the Recognition and Enforcement of Foreign Arbitral Awards." The Employment Agreement further required that any arbitration would be conducted in accordance with the ICDR's International Arbitration Rules. A copy of Petitioner's Employment Agreement is attached hereto as **Exhibit A**.

12.    As required by his Employment Agreement, Petitioner commenced arbitration proceedings against Respondent on May 2, 2016.

13.    Petitioner asserted claims for: (1) Jones Act negligence; (2) unseaworthiness; (3) failure to provide maintenance and cure; and (4) failure to treat.

14.    The parties agreed at the outset that the arbitration proceedings would be conducted in Miami, applying the U.S. statutory and general maritime common law. The ICDR provided the parties with a list of potential arbitrators and the parties jointly selected the sole arbitrator who presided over the proceedings and issued the Final Award.

15.    After extensive discovery and numerous pre-hearing motions, a final hearing was conducted over a series of 21 sessions spanning six months, between June 18, 2018 and December 17, 2018.

16.    On June 6, 2019, the sole arbitrator issued a 73-page Final Award, complete with findings of fact and conclusions of law.

17.    The Final Award was in Petitioner's favor on the counts for Jones Act negligence, and unseaworthiness, but in favor of the Respondent on the claims for maintenance and cure claim and failure to treat. It awarded Petitioner past and future economic damages, as well as past and future non-economic damages.

18.    The substantive terms of the Final Award are confidential, pursuant to the parties' agreement to be bound by the ICDR's International Arbitration Rules, which provide that "[a]n award may be made public only with the consent of all parties or as required by law." ICDR Int'l Arb. Rules, Art. 30(3). Accordingly, once the District Court Clerk has issued a case number, Petitioner will move promptly for leave to file a copy of the Final Award under seal, pursuant to S.D. Fla. Local Rule 5.4.

### PETITIONER IS ENTITLED TO CONFIRMATION OF THE FINAL AWARD

19.    The Final Award directed Respondent to pay the Final Award within 30 days of its transmittal to all parties. The Final Award was transmitted on June 6, 2019, making payment due by July 6, 2019. Respondent has failed to pay, as required by the terms of the Final Award.

20.    The purpose of the New York Convention is to "encourage the recognition and enforcement of international arbitral awards…and to provide parties with an alternative method

for dispute resolution that is speedier and less costly than litigation." *Industrial Risk Insurers v.*

*M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440 (11th Cir. 1998).

21. The Final Award was entered following arbitration proceedings conducted in accordance with the Employment Agreement and governed by the New York Convention.

22. Accordingly, Petitioner is entitled to an Order confirming the Final Award.

WHEREFORE, Petitioner, Slobodan Despot, respectfully requests this Court enter an Order confirming the foreign arbitral award and reserving jurisdiction to enforce that award.

HICKEY LAW FIRM, P.A.
1401 Brickell Avenue
Suite 510
Miami, FL  33133
Tel: (305) 371-8000
Fax: (305) 371-3542

-and-

RUSSO APPELLATE FIRM, P.A.
e-service@russoappeals.com
Elizabeth K. Russo, Esq.
Florida Bar No. 260657
ekr@russoappeals.com
Paulo R. Lima, Esq.
Florida Bar No. 0064364
prl@russoappeals.com
7300 North Kendall Drive, Suite 600
Miami, Florida 33156
Tel: (305) 666-4660
Fax: (305) 666-4470

By: _____
**John H. Hickey, Esq.**
Fla. Bar. 305081
hickey@hickeylawfirm.com
dmartinez@hickeylawfirm.com
**Sarah A. Lobel, Esq.**
Fla. Bar. 88716
slobel@hickeylawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via e-mail on this 10th day of July 2019 to David J. Horr Esq., dhorr@admiral-law.com and Juan Carlos Perez Esq., jperez@admiral-law.com, Horr, Novak & Skipp, P.A. at Two Datran Center, Suite 1700, 9130 S. Dadeland Blvd., Miami, Florida 33156 .

By: _____

**John J. Hickey** (FBN 305081)
hickey@hickeylawfirm.coM
**Sarah A. Lobel** (FBN 88716)
slobel@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL  33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*